NO. 07-10-00438-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 3, 2010

LUIS ANGEL OLVERA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-10D-041; HONORABLE ROLAND D. SAUL, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ABATE AND REMAND**

Appearing *pro se*, appellant Luis Olvera appeals his conviction and sentence for felony driving while intoxicated. In his notice of appeal, appellant states he received appointed counsel in the trial court because of indigence. The limited materials before us supply no indication why appellant appears *pro se* on appeal. We, therefore, abate the appeal and remand the case to the trial court for further proceedings.

On remand, the trial court is directed to immediately notice and conduct a hearing to determine:

1. whether appellant still wishes to pursue his appeal;

2. whether appellant is indigent; and

3. if appellant is indigent, whether he is entitled to appointment of counsel and a free appellate record.

We further direct the trial court to issue findings of fact and conclusions of law addressing the subjects numerically itemized above.

If the trial court finds appellant is indigent and wishes to pursue his appeal, it shall appoint counsel to assist appellant in the prosecution of the appeal. The name, address, telephone number, telefax number, and state bar number of the counsel appointed to represent appellant on appeal must also be included in the trial court's findings of fact and conclusions of law.

If the trial court finds appellant is indigent and wishes to pursue his appeal, it shall order the clerk and court reporter to prepare and provide appellant a record of the trial court proceedings without charge to appellant.

Furthermore, the trial court shall cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders of the trial court issued as a result of its hearing on this matter and 2) a reporter's record transcribing the evidence and argument presented at the hearing on this matter. Additionally, the trial court shall cause the supplemental record to be filed with the clerk of this court on or before December 3, 2010. If additional time is required to perform these tasks, the trial court may so request by December 3, 2010.

If the trial court finds appellant wishes to pursue his appeal and is entitled to a free record on appeal, the reporter's record and clerk's record shall be filed with the

clerk of this court within thirty days of the date the supplemental record directed by this order is filed. Should the trial court find appellant wishes to pursue his appeal but is not entitled to a free record, the reporter's record and clerk's record shall be filed with the clerk of this court within thirty days of the date the supplemental record directed by this order is filed, subject, however, to appellant's compliance with the requirements of Rule of Appellate Procedure 35.3. Tex. R. App. P. 35.3. Additional deadlines shall fall in accordance with the appellate rules. *See* Tex. R. App. P. 38.6.

It is so ordered.

Per Curiam

Do not publish.